Carissa BROWN, Plaintiff,

v.

**FEDERATED CAPITAL CORPORATION d/b/a Federated Financial Corporation of America, and Julia A. Peterson, Defendants.**

Civil Action No. H–12–2863.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 6, 2014.

Matthew Brian Probus, Wauson Probus, Sugar Land, TX, for Plaintiff.

Andrew Edward Lemanski, Hull Associates PC, Houston, TX, for Defendants.

## ORDER

DAVID HITTNER, District Judge.

Pending before the Court is Defendant Federated Capital Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Document No. 30). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

In February 2006, Plaintiff Carissa Brown ("Brown"), on behalf of Brown Boys Storage, applied for and was approved for an Advanta credit card (the "Credit Card").[1] In October 2006, her Credit Card account was closed due to insufficient payment.[2] In May 2007, Advanta assigned her Credit Card account to Defendant Federated Capital Corporation ("Federated").[3] Federated brought a collection suit against Brown in a Utah state court. Subsequently, Brown filed the present case against Federated for, inter

---

**1.** *Defendant Federated Capital Corporation's Motion to Transfer Venue,* Exhibit D at 4 (*CAPS Data Archive Viewer* ).

**2.** *Defendant Federated Capital Corporation's Motion to Transfer Venue,* Exhibit G at 1 (*Advanta Account Statements Set G* ) [hereinafter *Advanta Account Statements Set G* ]; *Defendant Federated Capital Corporation's Motion to Transfer Venue,* Exhibit C at 9–13 (*Advanta Account Statements Set C* ) [hereinafter *Advanta Account Statements Set C* ].

**3.** *Defendant Federated Capital Corporation's Motion to Transfer Venue,* Exhibit A at 1 (*Affidavit of Patrick David* ), Exhibit D at 1–2 (*Affidavit of Michael Coco* ), Exhibit D at 3 (*Contractual Forward Flow Bill of Sale and Assignment* ).

alia, violation of 15 U.S.C. § 1692i,[4] which provides that a debt collector must sue a consumer on a debt in either the judicial district in which the consumer signed the contract or in which the consumer resides. 15 U.S.C. § 1692i. Brown claims Federated should have sued her in Texas, not Utah.

## II. LAW & ANALYSIS

■ Pursuant to 28 U.S.C. § 1404(a), Federated seeks to transfer this case to the United States District Court for the District of Utah in accordance with the forum-selection clause in the alleged credit card agreement between Brown and Federated. When evaluating a motion to transfer venue, the Court must first determine whether a contractually valid forum-selection clause exists that applies to the present case. *See Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.,* — U.S. ——, 134 S.Ct. 568, 581 n. 5, 187 L.Ed.2d 487 (2013); *Stinger v. Chase Bank, USA, NA,* 265 Fed.Appx. 224, 226–27 (5th Cir.2008) (per curiam); *Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 Fed.Appx. 612, 616 (5th Cir.2007) (per curiam). If such a forum-selection clause exists, the Court must then determine whether any extraordinary circumstances unrelated to the convenience of the parties exist that warrant denial of transfer. *Atl. Marine Constr. Co.,* 134 S.Ct. at 575, 581 & n. 5. If no such extraordinary circumstances exist, the Court should grant the motion to transfer in accordance with the forum-selection clause. *Id.* at 575, 581.

### A. Waiver of the Right to Seek Transfer of Venue

■ As a threshold issue, Brown claims Federated waived the right to seek trans-

fer of venue by failing to plead improper venue in the initial responsive pleading as required by Federal Rule of Civil Procedure 12(b)(3).[5] However, Rule 12(b)(3) pertains to the defense of "improper venue;" Rule 12(b) does not pertain to motions to transfer venue. FED. R. Civ. P. 12(b); *Mohamed v. Mazda Motor Corp.,* 90 F.Supp.2d 757, 759–60 (E.D.Tex.2000); *see also Atl. Marine Constr. Co.,* 134 S.Ct. at 575, 577–79. Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer under § 1404(a) can be filed at any time, so long as the motion is made with reasonable promptness. *United Galvanizing, Inc. v. Imperial Zinc Corp.,* No. H–08–0551, 2010 WL 4393990, at *2 (S.D.Tex. Oct. 29, 2010).

Because Federated moves to transfer venue under § 1404(a), not to dismiss for improper venue under Rule 12(b)(3), Federated has not waived the right to seek transfer of venue by not pleading improper venue in the initial responsive pleading. Further, the Court finds Federated filed its motion to transfer with reasonable promptness. Accordingly, Brown's waiver argument does not raise grounds for relief from transfer of venue.

### B. Existence of a Contractually Valid Forum–Selection Clause that Applies to the Present Case

■ The Court must first determine whether a contractually valid forum-selection clause exists that applies to the present case, which involves two separate inquiries: (1) whether the parties agreed to a contractually valid forum-selection clause, and (2) whether the present case falls within the scope of the forum-selection clause. *See Atl. Marine Constr. Co.,* 134 S.Ct. at 581 n. 5; *Stinger,* 265 Fed.

---

**4.** *Plaintiff's Original Complaint* at 5.

**5.** *Plaintiff's Second Supplement to Response to Defendant's Motion to Transfer Venue* at 2–3.

Appx. at 226–27; *Braspetro Oil Servs.*, 240 Fed.Appx. at 616. To make this determination, the Court "should apply ordinary state-law principles that govern the formation of contracts." *See Stinger*, 265 Fed. Appx. at 227 (internal quotation marks omitted).

### 1. Whether the Parties Agreed to a Contractually Valid Forum–Selection Clause

■■■■ Brown contends she did not agree to the forum-selection clause, and thus is not bound by the forum-selection clause, because she did not sign the agreement that contained the forum-selection clause and because she was not delivered the agreement that contained the forum-selection clause. "A party may be bound by an agreement even in the absence of a signature, provided that the actions of the parties reflect a mutual intent to be bound." *Stinger*, 265 Fed.Appx. at 227; *Jones v. Citibank (S.D.), N.A.*, 235 S.W.3d 333, 338–39 (Tex.App.-Fort Worth 2007, no pet.). Likewise, a party may be bound by an agreement even in the absence of actual delivery of the agreement, provided that "the part[y] manifest[s] an intent through [his or her] actions and words that the contract become effective." *Winchek v. Am. Express Travel Related Servs. Co.*,

232 S.W.3d 197, 204 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *Devine v. Am. Express Centurion Bank*, No. 09–10–00166–CV, 2011 WL 2732583, at *4 (Tex. App.-Beaumont July 14, 2011, no pet.) (mem. op.). In the context of a credit card, a party is bound by the terms of a credit card agreement if the party uses the credit card, even if the party does not sign the credit card agreement and even if the credit card agreement is not delivered to the party. *Stinger*, 265 Fed.Appx. at 225, 227; *Winchek*, 232 S.W.3d at 202–04. Use of a credit card constitutes manifestation of an intent to be bound by the credit card agreement. *Ghia v. Am. Express Travel Related Servs. Co.*, No. 14–06–00653–CV, 2007 WL 2990295, at *3 (Tex.App.-Houston [14th Dist.] Oct. 11, 2007, no pet.) (mem. op.); *Taraldsen v. Dodeka, L.L.C.*, No. 01–09–01000–CV, 2011 WL 2653274, at *2 (Tex.App.-Houston [1st Dist.] Jan. 20, 2011, no pet.) (mem. op.).

■■■■ Federated contends a document entitled "Advanta Business Card Agreement" (the "Credit Card Agreement"),[6] which contains a forum-selection clause (the "Forum–Selection Clause"),[7] governs this case. Specifically, the Forum–Selection Clause states, "[The Credit Card user] consent[s] to personal jurisdiction in the

---

**6.** Brown's Credit Card account was opened in February 2006 and closed in October 2006. *See supra* notes 1–2 and accompanying text. Federated submits three sets of documents, each entitled "Advanta Business Card Agreement" that are dated 2005, 2006, and 2007. Each of these three documents state that the agreement "may be amended from time to time." Because all pertinent language of the differently-dated "Advanta Business Card Agreement[s]" is identical, reference in this Order to the "Credit Card Agreement" constitutes reference to all three of the differently-dated "Advanta Business Card Agreement[s]." *See Defendant Federated Capital Corporation's Motion to Transfer Venue*, Exhibit E at 1 (*2005 Advanta Business Card Agreement*) [hereinafter *2005 Advanta Business Card Agreement*];

*Defendant Federated Capital Corporation's Motion to Transfer Venue*, Exhibit B at 1 (*2006 Advanta Business Card Agreement*) [hereinafter *2006 Advanta Business Card Agreement*]; *Defendant Federated Capital Corporation's Motion to Transfer Venue*, Exhibit F at 1, 4 (*2007 Advanta Business Card Agreement*) [hereinafter *2007 Advanta Business Card Agreement*].

**7.** All three of the differently-dated "Advanta Business Card Agreement[s]" contain identical forum-selection clauses. *2005 Advanta Business Card Agreement, supra* note 6, ¶ 31; *2006 Advanta Business Card Agreement, supra* note 6, ¶ 31; *2007 Advanta Business Card Agreement, supra* note 6, ¶ 31.

state and federal courts in Utah and agree[s] that any lawsuit pertaining to the account must be brought only in such courts in Utah, regardless of who files the suit, and may be maintained only in those courts ...." [8] Brown contends she is not bound by this Forum–Selection Clause because she did not sign and was not delivered the Credit Card Agreement. However, Brown does not dispute she used the Credit Card. As evidence of Brown's use of the Credit Card, Federated submits Brown's Credit Card statements, which report purchases and balance transfers by Brown.[9] Moreover, the Credit Card Agreement states, "By accepting or using [the Credit Card], [the Credit Card user is] agreeing to everything written in this Agreement." [10] Because Brown used the Credit Card, she is bound by the terms of the Credit Card Agreement, even though she did not sign the Credit Card Agreement and claims to have not been delivered the Credit Card Agreement. The Forum–Selection Clause contained in the Credit Card Agreement is contractually valid.

### 2. Whether the Present Case Falls Within the Scope of the Forum–Selection Clause

 The language of a forum-selection clause determines the scope of the forum-selection clause. *Braspetro Oil Servs.*, 240 Fed.Appx. at 616. For example, forum-selection clauses that apply to all disputes that "relate to" or "are connected with" the contract are construed broadly, while clauses that apply to all disputes "arising out of" or over "the implementation and interpretation of" the contract are construed narrowly. *Blueskygreenland Envtl. Solutions, LLC v. Rentar Envtl. Solutions, Inc.*, No. 4:11–cv–01745, 2011 WL 6372842, at *4 (S.D.Tex. Dec. 20, 2011). The scope is not limited to breach of the contract that contains the forum-selection clause. *MaxEn Capital, LLC v. Sutherland*, No. H–08–3590, 2009 WL 936895, at *6 (S.D.Tex. Apr. 3, 2009).

 Brown does not address whether the present case falls within the scope of the Forum–Selection Clause. The Forum–Selection Clause applies to "any lawsuit pertaining to the [Credit Card] account." [11] The Court construes this language broadly because of the words "any" and "pertaining to." The present case is about the location of Federated's lawsuit against Brown to collect on unpaid debts accrued in Brown's Credit Card account. The Court finds this case pertains to the Credit Card account and thus falls within the scope of the Forum–Selection Clause.

### C. Existence of Extraordinary Circumstances Unrelated to the Convenience of the Parties that Warrant Denial of Transfer

 Because a contractually valid forum-selection clause exists that applies to the present case, the Court must next determine whether any extraordinary circumstances unrelated to the convenience

---

8. *2005 Advanta Business Card Agreement, supra* note 6, ¶ 31 (capitalization modified); *2006 Advanta Business Card Agreement, supra* note 6, ¶ 31 (capitalization modified); *2007 Advanta Business Card Agreement, supra* note 6, ¶ 31 (capitalization modified).

9. *Advanta Account Statements Set C, supra* note 2, at 1–18; *Advanta Account Statements Set G, supra* note 2, at 1–5.

10. *2005 Advanta Business Card Agreement, supra* note 6, at 1; *2006 Advanta Business Card Agreement, supra* note 6, at 1; *2007 Advanta Business Card Agreement, supra* note 6, at 1.

11. *2005 Advanta Business Card Agreement, supra* note 6, ¶ 31; *2006 Advanta Business Card Agreement, supra* note 6, ¶ 31; *2007 Advanta Business Card Agreement, supra* note 6, ¶ 131.

of the parties exist that warrant denial of transfer. *Atl. Marine Constr. Co.*, 134 S.Ct. at 575, 581 & n. 5. The plaintiff bears the burden of establishing that transfer is unwarranted. *Id.* at 581. If no such extraordinary circumstances exist, the Court should grant the motion to transfer in accordance with the forum-selection clause. *Id.* at 575, 581.

▪ When determining whether extraordinary circumstances exist that warrant denial of transfer, only the public-interest factors of a traditional § 1404(a) analysis may be considered; the private-interest factors of a traditional § 1404(a) analysis, which involve the private interests of the parties and their witnesses, may not be considered.[12] *Id.* at 581–82. Public-interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). However, according to the Supreme Court, familiarity of the forum with the governing law should only be consid-

ered a public-interest factor weighing in favor of transfer if the governing law is "exceptionally arcane." *See Atl. Marine Constr. Co.*, 134 S.Ct. at 584. "In all but the most unusual cases," no extraordinary circumstances will exist that warrant refusal to transfer in accordance with a forum-selection clause. *Id.* at 582–83.

▪ Brown argues three public-interest reasons why this case should not be transferred to Utah,[13] which is the forum required by the Forum–Selection Clause.[14] First, she argues the District of Utah's time of civil case disposition is ten months longer than the Southern District of Texas's time of civil case disposition. Second, she argues Utah does not have any local interest in this case because Federated is no longer headquartered in Utah. Lastly, she argues Texas courts have issued more opinions on, and thus have more familiarity with, the Federal Debt Collection Practices Act and the analogous Texas debt collection practices acts than Utah courts. Notably, Brown does not argue these laws are exceptionally arcane. The Court finds none of these circumstances rise to the level of "most unusual" or "extraordinary." *See Atl. Marine Constr. Co.*, 134 S.Ct. at

12. The proper procedure for enforcement of a forum-selection clause is a motion to transfer pursuant to § 1404(a). *Atl. Marine Constr. Co.*, 134 S.Ct. at 579. A traditional § 1404(a) analysis requires the district court to "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 581 (quoting 28 U.S.C. § 1404(a)). The relevant factors to be weighed include a number of private-interest and public-interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004).

13. Brown also argues private-interest factors previously applicable under 5th Circuit precedent; however, these private-interest factors can no longer be considered under the Su-

preme Court's most recent decision in *Atlantic Marine Construction Co. United States ex rel. J–Crew Mgmt., Inc. v. Atl. Marine Constr. Co.*, No. A–12–CV–228–LY, 2012 WL 8499879, at *5–8 (W.D.Tex. Aug. 6, 2012), *rev'd sub nom. Atl. Marine Constr. Co.*, 134 S.Ct. at 584.

14. The Forum–Selection Clause states that "any lawsuit pertaining to the account *must* be brought only in such courts in Utah … and may be maintained only in those courts." *2005 Advanta Business Card Agreement, supra* note 6, ¶ 31 (emphasis added) (capitalization modified); *2006 Advanta Business Card Agreement, supra* note 6, ¶ 31 (emphasis added) (capitalization modified); *2007 Advanta Business Card Agreement, supra* note 6, ¶ 31 (emphasis added) (capitalization modified).

864

575, 581, 583. Brown has not met her burden of establishing that transfer to Utah is unwarranted. Accordingly, the Court grants Federated's motion to transfer.

### III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Federated Capital Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is **GRANTED.** The Court further

**ORDERS** that this case is **TRANS-FERRED** to the United States District Court for the District of Utah.